I, Crita Rose is a resident of New Bedford, Bristol county Massachusetts and a citizen of the United States.

The defendant is The Commonwealth of Massachusetts, Department of Social Services at 1 North Front St. New Bedford, MA 02740.

The defendant, Commonwealth of Massachusetts is of the United States.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

I have brought this matter to this Court because I feel that I was wrongfully terminated by the Commonwealth of Massachusetts and would like to appeal their decision.

On 3/31/00 I was taken out of work due to acute stress disorder and depression. The Department of Social Services requested medical documentation from Dr. Solomon which was provided.

I was then asked for further medical documentation by a nurse practitioner or psychiatrist within a seven day period. Documentation was then provided within that seven day time frame from my nurse practitioner.

The Department of Social Services requested that they recieve medical documentation from a psychiatrist.

I then had some difficulty with getting an appointment in a timely manner

as well as hire an Attorney as the District Attorney would take my insurance being on W.N.O.

I then went to the Union, Local 509 at Cambridge Massachusetts on or about 6/00.

Prior to that date I had went to MCAD and filed a complaint, as the Department had sent me a letter that I had gone over the seven days and that I would be terminated. The Union did not assist me in any way with my complaint. However MCAD opened my claim as discriminating my disability and referred me to The NAACP.

Thereafter, I met with Legal Redress Mr. Lional Porter of The NAACP, South Middlesex Office, Framingham, MA.

On 6/00, I recieved a letter from the Department of Social Services informing me that I was terminated and taken off the state list due to abandonment of my position as a Senior Social Worker.

On 6/00 The Department also recieved a letter from my psychiatrist who granted me sick leave until further notice.

On 1/01 Mr. Lional Porter, DSS and myself went to MCAD for arbitration. The Department did not want to mediate and we were to go forward for rebuttal.

I never recieved a Rebuttal date. I did not hear from Mr. Porter. I called the NAACP who informed me that Mr. Porter left the agency and had my case file.

formed me that they did not know of Mr. Lionel Portier's whereabouts. I then called MCAD to alarm them of my case status.

On or about the same day of contacting MCAD Mr. Lionel Portier called and informed that he is working with a law firm out the Boston area and has left the NAACP. He indicated that he had my case file and would continue to represent me, but that I needed to present him with a retainer fee. I informed him that when he took my case a retainer fee was never discussed with me and that due to financial hardship I could not provide such a fee. Mr. Portier said he would mail my file to my home address, which I recieved over one month later.

I was then in contact with the NAACP in which my case was then transferred to the New Bedford NAACP area office with Mr. Lee Charlton.

Mr. Lee Charlton who is not an attorney but more so an advisor.

On July 14, 2003 a preliminary hearing was held at MCAD. DSS, MCAD and myself were all present. Mr. Charlton was not available for this meeting. I had no representation and was on my own. I then recieved a letter on 9/03 indicating that the Lack of Probable Cause finding is affirmed.

On or about 2/13/04 I recieved a letter from EEOC indicating that they adopted the findings of the state or local fair employment practices agency that investigated the charge.

appeals and review and extention to seek private Council in regard to this case matter. I do not concurr with such a charge as I again would like to take further action and this is want brings me to Federal Court today. (5/12/04).

I do not wish to go back to work at the Department of Social Services. I do want to be put back on the State list, being that I was eleven years under the state employed.

I feel I should be compensated for my pain, suffering and financial hardship for the past four years.

Wherefore, the Plaintiff demands judgement against the defendants for damages and such other relief at this Court.

Anita Rose
233 Sawyer St
New Bedford, MA
02746
tel # (508) 997-7590

# DISMISSAL AND NOTICE

| To: | Anita Rose<br>233 Sawyer Street<br>New Bedford, MA 02746 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1001.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2001-00016 | Anne Giantonio, Intake Supervisor | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Robert L. Sanders,
Director

FEB - 9 2004
*(Date Mailed)*

Enclosure(s)

cc: Chief Executive Officer
Commonwealth of Massachusetts
Department Of Social Services
Attn: Human Resources Department
100 North Front Street
New Bedford, MA. 02740