```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

ANITA ROSE,                    )
                               )
          Plaintiff,           )
                               )
     v.                        ) C.A. No. 04-10962-WGY
                               )
COMMONWEALTH,                  )
                               )
          Defendant.           )
```

**<u>MEMORANDUM AND ORDER</u>**

For the reasons stated below, plaintiff's complaint will be dismissed in thirty-five (35) days from the date of this Order, unless plaintiff shows good cause, in writing, before that time as to why this case should not be dismissed.

<u>ALLEGED FACTS</u>

Plaintiff Anita Rose filed this complaint on May 12, 2004 alleging handicap discrimination by her former employer, the Massachusetts Department of Social Services.  The only named defendant in this action is the Commonwealth of Massachusetts.

Plaintiff alleges that she suffers from an "acute stress disorder and depression."  Complaint p. 1.  Plaintiff further appears to allege that she was terminated on the basis of this condition, although her employer's stated reason for her discharge was "abandonment of [her] position as a Senior

Social Worker."[1]  Complaint p. 2.  Plaintiff seeks money damages for "pain, suffering and financial hardship for the past four years."  Complaint p. 4.

## ANALYSIS

I. Plaintiff's Claims Are Subject To Preliminary Screening Pursuant To 28 U.S.C. § 1915

Plaintiff has sought permission to proceed in this action without prepayment of the filing fee.  Her complaint, therefore, is subject to the screening provisions of 28 U.S.C. § 1915.  See 28 U.S.C. § 1915 (proceedings in forma pauperis).  Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

Although pro se complaints must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), plaintiff's claims in this case are nevertheless subject to dismissal, as

---

[1] Plaintiff apparently filed a claim with the M.C.A.D., which issued a lack of probable cause finding in September, 2003.  Plaintiff states that on February 13, 2004, she received a letter from the E.E.O.C. notifying her that the agency had adopted the findings of the M.C.A.D.  The E.E.O.C's letter is attached to the complaint.

2

discussed more fully below.

II. <u>Plaintiff's Complaint Is Subject To Dismissal Because the Commonwealth Is Immune From Suit Under The A.D.A.</u>

As noted above, the sole named defendant in this action is the Commonwealth of Massachusetts.[2] Complaint p. 1. Presumably, plaintiff is attempting to sue the Commonwealth for employment discrimination under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111 <u>et seq</u>. Under the Eleventh Amendment[3], however, states are immune from suits for damages under Title I of the A.D.A. <u>Board of Trustees of the University of Alabama v. Garrett</u>, 531 U.S. 356, 374 (2001). Accordingly, since plaintiff's suit seeks monetary relief against a defendant who is immune from such relief, it is subject to dismissal under 28 U.S.C. § 1915(e)(2).

<u>CONCLUSION</u>

ACCORDINGLY, for the reasons set forth above, plaintiff's complaint will be dismissed in thirty-five (35) days from the date of this Order unless plaintiff shows good cause, in

---

[2] Even liberally construing the plaintiff's allegations, the sole defendant is a department of the Commonwealth of Massachusetts.

[3] The Eleventh Amendment to the United States Constitution provides that:
> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XIV.

writing, before that time why it should not be so dismissed.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>4th</u> day of <u>June  </u>, 2004.

<u>s/ William G. Young        </u><br>UNITED STATES DISTRICT JUDGE